**BOOK–OF–THE–MONTH CLUB, Inc. et al.
v. FEDERAL TRADE COM-
MISSION.**

No. 139, Docket 22429.

United States Court of Appeals
Second Circuit.

Argued Jan. 15, 1953.

Decided Feb. 10, 1953.

petitioner that it had "given consideration to the facts developed in a preliminary investigation of an application for complaint involving alleged false and misleading advertising" by petitioner; that from the investigation the Commission had found.that further proceedings by it were not warranted; and that the "files covering this application have, therefore, been closed without prejudice to the right of the Commission to reinstate the matter if conditions should warrant."

On July 8, 1947, the Commission by letter, bearing File No. 1–20162, advised petitioner as follows: "The Commission has given consideration to the facts developed by a preliminary investigation made pursuant to an application for complaint alleging violation of the Federal Trade Commission Act through the alleged misleading and deceptive use of the terms 'free' and 'without cost' in the advertising and sale of books by the Book-of-the-Month Club, Inc., proposed respondent in the above numbered matter. Inasmuch as it appears from the facts disclosed by this preliminary investigation that the proposed respondent herein sets forth clearly and conspicuously the terms and conditions of the offer under which the 'free' books may be secured; and that the offer is made under circumstances and conditions that do not appear in any other respect to constitute an act, practice or method of competition calling for corrective action in the public interest, the Commission does not contemplate at this time further proceedings in the matter. You are advised, however, that the Commission may at any time take such further action as the public interest may require."

On January 14, 1948, the Commission adopted and published in the Federal Register what it there called "administrative interpretations with reference to the use of the word 'free' and words of similar import under certain conditions to describe merchandise." These "interpretations" read as follows:

"The use of the word 'free' or words of similar import, in advertising to designate or describe merchandise sold or distributed in interstate commerce, that is not in truth and in fact a

On May 23, 1940, the Commission by letter, bearing File No. 28–2–2309, advised

gift or gratuity or is not given to the recipient thereof without requiring the purchase of other merchandise or requiring the performance of some service inuring directly or indirectly to the benefit of the advertiser, seller or distributor, is considered by the Commission to be a violation of the Federal Trade Commission Act."

On January 30, 1948, the Commission in a letter to petitioner, bearing File No. 1–20162, after referring to those "interpretations" as a "statement of policy" and quoting those "interpretations," went on to say: "Because of the use in advertising of such words and phrases as 'free,' and 'book-dividend' under circumstances requiring the prior purchase of certain books in order to receive the merchandise referred to as 'free,' etc., the Commission reconsidered and rescinded its action of June 6, 1947, closing this matter, reopened the case, and directed that an opportunity be extended to execute a stipulation to cease and desist; with the further direction that if a satisfactory stipulation not be tendered, formal complaint issue, in conformity with the statement of policy as above set out."

A proceeding subsequently began which, after a hearing, ended in findings and an order of the Commission directing petitioners to cease and desist from "Using the word 'free,' or any other word or words of similar import or meaning, in advertising to designate or describe any book, or any other merchandise, which is not in truth and in fact a gift or gratuity or is not given to the recipient thereof without requiring the purchase of other merchandise or requiring the performance of some service inuring directly or indirectly, to the benefit of the [Club]."

The advertising matter which was before the Commission at the hearing was the same in substance as that which was the subject of the letters of May 23, 1940, and July 8, 1947.

George M. Wolfson and Cuthbert B. Caton, New York City (Wolfson, Caton &

Moguel, New York City, of counsel), for petitioners.

W. T. Kelley, Robert B. Dawkins and Alan B. Hobbes, Washington, D. C., for respondent.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

FRANK, Circuit Judge.

We feel obliged by Federal Trade Commission v. Standard Education Society, 302 U.S. 112, 58 S.Ct. 113, 82 L.Ed. 141, to deny the relief sought by petitioners and to hold that the Commission's order must stand. In that case, this court was reversed. We had said that, to the discharge of its duty, the Commission should not "bring a pedantic scrupulosity; too solicitous a censorship is worse than any evils it may correct, and a community which sells for profit must not be ridden on so short a rein that it can only move at a walk. We cannot take seriously the suggestion that a man who is buying a set of books and a ten years' 'extension service,' will be fatuous enough to be misled by the mere statement that the first are given away, and that he is paying only for the second. Nor can we conceive how he could be damaged were he to suppose that that was true. Such trivial niceties are too impalpable for practical affairs, they are will-o'-the-wisps, which divert attention from substantial evils."[1] But the Supreme Court held we were mistaken, saying, 302 U.S. at page 116–117, 58 S.Ct. at page 115: "The fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced. * * * It was clearly the practice of respondents through their agents * * * to mislead customers into the belief that they were given an encyclopedia, and that they paid only for the loose leaf supplement."

1. We regret that we perceive no legally significant difference between the pivotal facts of that case and those of the instant case. The crucial factor here is

---

1. Federal Trade Commission v. Standard Education Society, 2 Cir., 86 F.2d 692, 695–696.

that the Book-of-the-Month Club typically publishes an advertisement which states in large print at the top, "Free * * * to new members of the Book-of-the-Month Club" a copy of some designated book. This advertisement contains, at the bottom and in much smaller print, a coupon which, when signed and sent to the Club, constitutes a contract between it and its new "member"; this coupon states that he is to "receive free" the designated book, and that he agrees "to purchase at least four books-of-the-month a year from the Club." The evidence shows that the so-called "free book" is not, in fact, a gift: If the member fails to buy four books-of-the-month within a year after joining the Club, the Club demands and expects to collect from him the retail price of the "free" book, although sometimes the Club will relinquish this demand provided the "free" book is returned to it. Although there was some evidence in addition to the foregoing which may have further supported the Commission's findings, we think it was not necessary in the light of the cited Supreme Court decision.

2. Petitioners contend that the "administrative interpretations" issued by the Commission on January 30, 1948, constituted a "rule" which the Commission invalidly adopted; that the Commission relied on that "rule" in deciding against petitioners; and that, at any rate, by uttering that "rule," it unfairly and unlawfully prejudged the case against petitioners. But the so-called rule—in effect a rough restatement of the Supreme Court's decision in the Standard Education case—was not at all essential to the Commission's order; for, once the Commission began the proceeding, it could not help deciding as it did, thanks to that Supreme Court decision.

3. The letters of May 23, 1940, and July 8, 1947, could not estop the Commission. But we think it proper to note that, in the circumstances, petitioners' practices, although they have been validly prohibited for the future, involved no moral impropriety.

Petition to set aside the order of the Commission is denied, and pursuant to 15 U.S.C.A. § 45(c) it is ordered that petitioner comply with the order of the Federal Trade Commission.